# EXHIBIT 2

Todd M. Friedman (216752)
Nicholas J. Bontrager (252114)
Suren N. Weerasuriya (278521)
Law Offices of Todd M. Friedman, P.C.
324 S. Beverly Dr. #725
Beverly Hills, CA 90212
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@attorneysforconsumers.com
nbontrager@attorneysforconsumers.com
sweerasuriya@attorneysforconsumers.com
Attorneys for Plaintiff

FILED

JUL 1 4 2014

KIM TURNER, Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: R. Smith, Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF MARIN
## LIMITED JURISDICTION

|  |  |
|---|---|
| NEIL SILVER,<br><br>Plaintiff,<br><br>vs.<br><br>PENNSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY, DBA FEDLOAN SERVICING,<br><br>Defendant. | Case No. CV1401321<br><br>FIRST AMENDED COMPLAINT FOR VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT AND FEDERAL FAIR DEBT COLLECTION PRACTICES ACT<br><br>(Amount not to exceed $10,000)<br><br>1. Violation of Rosenthal Federal Fair Debt Collection Practices Act<br>2. Violation of Fair Debt Collection Practices Act |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.* (hereinafter "RFDCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter "FDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

- 1

FIRST AMENDED COMPLAINT

## II. PARTIES

2.  Plaintiff, Neil Silver ("PLAINTIFF"), is a natural person residing in Marin County, in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal Civ Code §1788.2(h).

3.  At all relevant times herein, DEFENDANT, Pennsylvania Higher Education Assistance Agency, dba FedLoan Servicing, ("DEFENDANT"), was a company engaged, by use of the mails and telephone, in the business of collecting a debt from PLAINTIFF which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code §1788.2(f).  DEFENDANT regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c).

## III. FACTUAL ALLEGATIONS

4.  At various times prior to the filing of the instant complaint, including within one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

5.  As of December 2012, Plaintiff had successfully paid off all student loans he had taken out from the Department of Education. Plaintiff received written confirmation confirming as such, from the entity previously servicing these loans, Nelnet.

6.  Despite Plaintiff having timely paid off any debt obligations to the Department of Education, Defendant subsequently commenced debt-collection and sought payments from Plaintiff for these same loans.

- 2

**FIRST AMENDED COMPLAINT**

7.  Defendant numerously sent Plaintiff written correspondence requesting the payment of these debts, numerously and falsely advising Plaintiff payments are owed on hius loan with the Department of Education.

8.  On or about August 15, 2013, Plaintiff sent Defendant written correspondence requesting that Defendant validate the debt, and also disputing this debt. Plaintiff explained to Defendant that he disputes the validity of this debt because: 1) the debt was paid in full; and 2) Defendant was not listed as a servicer for the loans that Defendant was attempting to collect on. Defendant received this correspondence from Plaintiff, via certified mail, on August 19, 2013.

9.  Defendant ignored this request and continued attempting to collect payments from Plaintiff, via written correspondence. Consequently, Plaintiff sent Defendant further correspondence on or about October 06, 2013, requesting that Defendant validate the debt it sought to collect. Plaintiff also asked Defendant from *current* proof establishing that Defendant was authorized to service the loan that Defendant was purportedly collecting payments for. Plaintiff requested that Defendant send him such documents within ten (10) days. Plaintiff explained if Defendant could not validate this debt *and* send him the specifics showing that Defendant was permitted to service the Department of Education loans, that Defendant should cease contacting him, and that Defendant must redact and rectify any derogatory credit reporting it has engaged in, as to the particular loans at issue. Defendant received plaintiff's correspondence on or about November 06, 2013.

10. Despite Plaintiff's requests, Defendant sent him further collection correspondence in November and December of 2013. In response, Plaintiff contacted the Department of Education, whom, in turn, confirmed that he longer owes a balance thereto.

- 3

**FIRST AMENDED COMPLAINT**

11. Plaintiff then sent Defendant further written correspondence, on or about January 06, 2014, explaining that Defendant has consistently refused to validate the debt it is attempting to collect from Plaintiff, and that it continues to attempt collections, despite Plaintiff having numerously notified Defendant that no monies are owed to the Department of Education. He requested that Defendant: 1) cease its collection efforts and withdraw its prior demands for payments on the loan; 2) remove any and all prior derogatory credit reporting; and 3) provide Plaintiff with proof that credit reporting has been erased; and 4) that Defendant is to cease all communications from Plaintiff, notable the e-mailing of collection notices. Defendant received this correspondence on or about January 13, 2014. However, Defendant continued contacting Plaintiff, via e-mail and mail correspondence.

12. Notably, on or about February 01, 2014, Defendant sent Plaintiff mail correspondence falsely stating that "payments on [his] student loans  listed on the back of [the collection] letter are past due," and that "[t]hese loans will default on 8/24/2014 if no payments are made." This correspondence went on to advise Plaintiff of the potential consequences of defaulting on a loan, including: 1) "[r]eporting of your default to each nationwide consumer reporting agency;" 2) "[o]ffsetting of your federal tax refund and other federal government payments;" 3) "[g]arnishment of your wages;" and 4) "[a]ssignment for litigation."

13. Defendant has sent Plaintiff collection correspondence via e-mail as late as March 27, 2014.

14. On or about February 11, 2014, Plaintiff's counsel sent a letter informing Defendant that Plaintiff had retained counsel and requesting that Defendant cease and desist from contacting Plaintiff directly in this matter.

- 4 -

**FIRST AMENDED COMPLAINT**

15. Despite knowing that Plaintiff was retained by counsel, Defendant continued to contact Plaintiff directly, including but not limited to, sending correspondence to Plaintiff directly on May 7, 2014.

16. Defendant's conduct violated the RFDCPA and FDCPA in multiple ways, including but not limited to:

    a) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff (§1692d));

    b) Falsely representing the character, amount, or legal status of Plaintiff's debt (§1692e(2)(A));

    c) Using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff (§1692e(10));

    d) The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action (§1692e(4));

    e) The threat to take any action that cannot legally be taken or that is not intended to be taken (§1692e(5)); and

    f) Where Defendant had not yet made an attempt to contact Plaintiff's counsel or had not given Plaintiff's counsel sufficient time to respond to the initial attempt to communicate with Plaintiff's counsel, and where Plaintiff's counsel had not given Defendant permission to contact Plaintiff directly, communicating with Plaintiff directly after learning that Plaintiff is being represented by counsel (§1692c(a)(2).

17. As a result of the above violations of the FDCPA and RFDCPA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF ROSENTHAL
## FAIR DEBT COLLECTION PRACTICES ACT

18. Plaintiff reincorporates by reference all of the preceding paragraphs.

- 5 -

**FIRST AMENDED COMPLAINT**

19. Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code. *Cal. Civ. Code* §1788.17.

20. To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

A.   Actual damages;
B.   Statutory damages for willful and negligent violations;
C.   Costs and reasonable attorney's fees,
D.   For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

21. Plaintiff reincorporates by reference all of the preceding paragraphs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

A.   Actual damages;
B.   Statutory damages;
C.   Costs and reasonable attorney's fees; and,
D.   For such other and further relief as may be just and proper.

## PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Respectfully submitted this July 8, 2014.

By: _____
Todd M. Friedman, Esq.
Law Offices of Todd M. Friedman, P.C.
Attorney for Plaintiff

- 6

**FIRST AMENDED COMPLAINT**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Todd M. Friedman, Esq. SBN 216752<br>Law Offices of Todd M. Friedman<br>369 S. Doheny Dr. #415<br>Beverly Hills, CA 90211 | FILED CM-010<br>MARIN COUNTY<br>SUPERIOR COURT<br><br>2014 APR -8 P 1:46 |

TELEPHONE NO.: 877-206-4741   FAX NO. 866-633-0228

ATTORNEY FOR (Name): Plaintiff, Neil Silver

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Marin
  STREET ADDRESS: 3501 Civic Center Dr.
  MAILING ADDRESS:
  CITY AND ZIP CODE: San Rafael, Ca 94903
  BRANCH NAME: Marin County Superior Court

CASE NAME:
Neil Silver v. Fedloan Servicing

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| ☐ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☑ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 1401321<br>JUDGE: ROY O. CHERNUS<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☑ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

By Fax

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action (specify): 2
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: April 8th, 2014
Todd M. Friedman
_____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

American LegalNet, Inc.
www.FormsWorkflow.com

# ADR Packet

## 18 pages including this one

> **SUPERIOR COURT OF CALIFORNIA**
> **County of Marin**
> 3501 Civic Center Drive
> P.O. Box 4988
> San Rafael, CA 94913-4988

## NOTICE TO PLAINTIFFS

### CIVIL TRIAL DELAY REDUCTION PROGRAM
### REQUIRES PROCEDURES AND TIME LINES TO BE MET

PRE-PRINTED PACKET FEE                    $1.00

You must serve the following documents, which you will receive from the Court Clerk's office, with the complaint, on all other parties:

- A copy of this letter
- A copy of the Notice of Case Management Conference
- Stipulation to Use of Alternative Dispute Resolution Process
- Ex-Parte Application for Extension of Time to Serve Pleading and Orders
- Case Management Statement
- Notice of Stay of Proceedings
- Notice of Termination or Modification of Stay
- Notice of Settlement of Entire Case
- Statement of Agreement or Nonagreement
- ADR Information Sheet

This service must be accomplished and *Proof of Service* must be filed within 60 days of the filing of the complaint.

The Case Management Conference will be held approximately 140 days from the filing of the Complaint. The exact date and judge assignment is indicated on the form you received in the Clerk's office when you filed your complaint.

Failure to comply with the program rules may result in the imposition of sanctions and will in each instance result in the issuance of an order that you show cause why you have not complied.

Examples of Alternative Dispute Resolution (ADR) procedures offered in Marin County include:

- Binding and non-binding arbitration
- Mediation
- Neutral case evaluation

It is important that you review these programs with your client. It will increase the possibility of your client's case being resolved at an early, and less expensive, stage of the proceedings. All judges in the civil trial delay reduction program are supportive of the use of alternative dispute resolution programs and are available to meet with you and the other parties prior to your Case Management Conference to assist in selecting the most appropriate resolution mechanism for your case.

You are required to complete and return the ADR Information Form, ADR-100 or ADR-101, within 10 days of the resolution of the dispute.

Telephonic appearances at Case Management Conference may be available by contacting COURT CALL, an independent vendor, not less than 5 court days prior to the hearing date. Parties may make arrangements by calling (888) 882-6878. This service is subject to charges by the vendor.

---

CV006                         CIVIL TRIAL DELAY PACKET COVER SHEET                   Rev. 7/12
                                        (Optional Form)

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, address and telephone #)*: | *FOR COURT USE ONLY* |
|---|---|
| STATE BAR NO:<br>ATTORNEY FOR *(Name)*: | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF MARIN<br>3501 Civic Center Drive<br>P.O. Box 4988<br>San Rafael, CA  94913-4988 | |
| **STIPULATION TO USE OF**<br>**ALTERNATIVE DISPUTE RESOLUTION PROCESS** | CASE NUMBER: |

The parties to the above action have stipulated that this case be submitted for Alternative Dispute Resolution to be decided at the Case Management Conference.

Dated _____        Attorney For _____

_____

Dated _____        Attorney For _____

_____

CM-020

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:    FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT

| EX PARTE APPLICATION FOR EXTENSION OF TIME TO SERVE PLEADING  AND ☐  ORDER EXTENDING TIME TO SERVE AND ☐ ORDER CONTINUING CASE MANAGEMENT CONFERENCE | CASE NUMBER: |
|---|---|
| Note: This ex parte application will be considered without a personal appearance. (See Cal. Rules of Court, rule 3.1207 (2).) | HEARING DATE:<br>DEPT.:    TIME: |

1  Applicant (name):
   is
   a. ☐   plaintiff
   b. ☐   cross-complainant
   c. ☐   petitioner
   d. ☐   defendant
   e. ☐   cross-defendant
   f. ☐   respondent
   g. ☐   other (describe):

2. The complaint or other initial pleading in this action was filed on (date):

3. Applicant requests that the court grant an order extending time for service of the following pleading:
   a. ☐   Complaint
   b. ☐   Cross-complaint
   c. ☐   Petition
   d. ☐   Answer or other responsive pleading
   e. ☐   Other (describe):

4. Service and filing of the pleading listed in item 3 is presently required to be completed by (date):

5. Previous applications, orders, or stipulations for an extension of time to serve and file in this action are:
   a. ☐   None
   b. ☐   The following (describe all, including the length of any previous extensions):

6. Applicant requests an extension of time to serve and file the pleading listed in item 3 on the following parties (name each):

**EX PARTE APPLICATION FOR EXTENSION OF TIME
TO SERVE PLEADING AND ORDERS**

CM-020

| CASE NAME: | CASE NUMBER: |
|---|---|
| | |

7  The pleading has not yet been filed and served on the parties listed in item 6 for the following reasons *(describe the efforts that have been made to serve the pleading and why service has not been completed):*

☐  Continued on Attachment 7

8.  An extension of time to serve and file the pleading should be granted for the following reasons:

☐  Continued on Attachment 8.

9.  If an extension of time is granted, filing and service on the parties listed in item 6 will be completed by *(date):*

10.  Notice of this application under rules 3.1200–3.1207 ☐ has been provided as required *(describe all parties or counsel to whom notice was given; the date, time, and manner of giving notice; what the parties or counsel were told and their responses; and whether opposition is expected)* or ☐ is not required *(state reasons):*

☐  Continued on Attachment 10.

11  Number of pages attached: ____

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____   ▶   _____
(TYPE OR PRINT NAME OF APPLICANT OR ATTORNEY FOR APPLICANT)          (SIGNATURE OF APPLICANT OR ATTORNEY FOR APPLICANT)

Order on Application is ☐ below or ☐ on a separate document.

## ORDER

1.  The application for an order extending time to serve and file the pleading is ☐ granted ☐ denied.
2.  The pleading must be served and filed no later than *(date):*
3.  ☐ The case management conference is rescheduled to:
    a.  Date:
    b.  Time:
    c.  Place:
4.  Other orders:

5.  A copy of this application and order must be served on all parties or their counsel that have appeared in the case.

Date:

_____
JUDICIAL OFFICER

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

TELEPHONE NO.:                    FAX NO. *(Optional):*

E-MAIL ADDRESS *(Optional):*

ATTORNEY FOR *(Name):*

SUPERIOR COURT OF CALIFORNIA, COUNTY OF

STREET ADDRESS:

MAILING ADDRESS:

CITY AND ZIP CODE:

BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|

*(Check one):* ☐ UNLIMITED CASE          ☐ LIMITED CASE
(Amount demanded                 (Amount demanded is $25,000
exceeds $25,000)                  or less)

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date:                    Time:              Dept.:           Div           Room:

Address of court *(if different from the address above):*

☐ Notice of Intent to Appear by Telephone, by *(name):*

INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.

1. Party or parties *(answer one):*
   a. ☐ This statement is submitted by party *(name):*
   b. ☐ This statement is submitted jointly by parties *(names):*

2. Complaint and cross-complaint *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):*
   b. ☐ The cross-complaint, if any, was filed on *(date):*

3. Service *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not):*

      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names):*

      (3) ☐ have had a default entered against them *(specify names):*

   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. Description of case
   a. Type of case in ☐ complaint          ☐ cross-complaint          *(Describe, including causes of action):*

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. July 1, 2011]

CASE MANAGEMENT STATEMENT

Cal. Rules of Court,
rules 3.720–3.730
www.courts.ca.gov

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT | |

4.  b.   Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.   Jury or nonjury trial
The party or parties request ☐ a jury trial. ☐ a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

6.   Trial date
a. ☐ The trial has been set for *(date):*
b. ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.   Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7    Estimated length of trial
The party or parties estimate that the trial will take *(check one):*
a. ☐ days *(specify number):*
b. ☐ hours (short causes) *(specify):*

8.   Trial representation *(to be answered for each party)*
The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:
a.   Attorney:
b.   Firm:
c.   Address:
d.   Telephone number:          f.   Fax number:
e.   E-mail address:            g.   Party represented:
☐ Additional representation is described in Attachment 8.

9.   Preference
☐ This case is entitled to preference *(specify code section):*

10.  Alternative dispute resolution (ADR)
a.   ADR information package. Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.

(1)  For parties represented by counsel: Counsel ☐ has ☐ has not   provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2)  For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221

b.   Referral to judicial arbitration or civil action mediation (if available).

(1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141 11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141 11

(3) ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT | |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form are willing to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case have agreed to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date)*:<br>☐ Agreed to complete mediation by *(date)*:<br>☐ Mediation completed on *(date)*: |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date)*:<br>☐ Agreed to complete settlement conference by *(date)*:<br>☐ Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date)*:<br>☐ Agreed to complete neutral evaluation by *(date)*.<br>☐ Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date)*:<br>☐ Agreed to complete judicial arbitration by *(date)*.<br>☐ Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date)*:<br>☐ Agreed to complete private arbitration by *(date)*:<br>☐ Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date)*.<br>☐ Agreed to complete ADR session by *(date)*:<br>☐ ADR completed on *(date)*: |

| | | CM-110 |
|---|---|---|
| PLAINTIFF/PETITIONER: | CASE NUMBER: | |
| DEFENDANT/RESPONDENT | | |

11. Insurance
   a. ☐ Insurance carrier, if any, for party filing this statement (name):
   b. Reservation of rights: ☐ Yes ☐ No
   c. ☐ Coverage issues will significantly affect resolution of this case (explain):


12. Jurisdiction
   Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
   ☐ Bankruptcy ☐ Other (specify):
   Status:

13. Related cases, consolidation, and coordination
   a. ☐ There are companion, underlying, or related cases.
       (1) Name of case:
       (2) Name of court:
       (3) Case number:
       (4) Status:
       ☐ Additional cases are described in Attachment 13a.
   b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by (name party):

14. Bifurcation
   ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action (specify moving party, type of motion, and reasons):

15. Other motions
   ☐ The party or parties expect to file the following motions before trial (specify moving party, type of motion, and issues):

16. Discovery
   a. ☐ The party or parties have completed all discovery.
   b. ☐ The following discovery will be completed by the date specified (describe all anticipated discovery):

   | Party | Description | Date |
   |---|---|---|
   | | | |

   c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated (specify):

| PLAINTIFF/PETITIONER: | CASE NUMBER: | CM-110 |
|---|---|---|
| DEFENDANT/RESPONDENT | | |

17  Economic litigation

    a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

    b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed (if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):

18.  Other issues

    ☐ The party or parties request that the following additional matters be considered or determined at the case management conference (specify):

19.  Meet and confer

    a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court (if not, explain):

    b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following (specify):

20.  Total number of pages attached (if any): _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____

(TYPE OR PRINT NAME)                    ▶ _____
                                                    (SIGNATURE OF PARTY OR ATTORNEY)

_____

(TYPE OR PRINT NAME)                    ▶ _____
                                                    (SIGNATURE OF PARTY OR ATTORNEY)

    ☐ Additional signatures are attached.

CM-180

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
| TELEPHONE NO.:          FAX NO. (Optional): | |
| E-MAIL ADDRESS (Optional): | |
| ATTORNEY FOR (Name): | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME: .

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT

| NOTICE OF STAY OF PROCEEDINGS | CASE NUMBER: |
|---|---|
| | JUDGE: |
| | DEPT: |

To the court and to all parties:

1   Declarant *(name):*

    a. ☐ is ☐ the party ☐ the attorney for the party  who requested or caused the stay

    b. ☐ is ☐ the plaintiff or petitioner ☐ the attorney for the plaintiff or petitioner  The party who requested the stay has not appeared in this case or is not subject to the jurisdiction of this court.

2.   This case is stayed as follows:

    a. ☐ With regard to all parties.

    b. ☐ With regard to the following parties *(specify by name and party designation):*

3.   Reason for the stay:

    a. ☐ Automatic stay caused by a filing in another court. *(Attach a copy of the Notice of Commencement of Case, the bankruptcy petition, or other document showing that the stay is in effect, and showing the court, case number debtor, and petitioners.)*

    b. ☐ Order of a federal court or of a higher California court. *(Attach a copy of the court order.)*

    c. ☐ Contractual arbitration under Code of Civil Procedure section 1281.4. *(Attach a copy of the order directing arbitration.)*

    d. ☐ Arbitration of attorney fees and costs under Business and Professions Code section 6201 *(Attach a copy of the client's request for arbitration showing filing and service.)*

    e. ☐ Other:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____          ►   _____
(TYPE OR PRINT NAME OF DECLARANT)                        (SIGNATURE)

Form Adopted for Mandatory Use
Judicial Council of California
CM-180 [Rev. January 1, 2007]

NOTICE OF STAY OF PROCEEDINGS

Cal. Rules of Court, rule 3.650
www.courtinfo.ca.gov

CM-181

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

TELEPHONE NO.:                    FAX NO. *(Optional):*

E-MAIL ADDRESS *(Optional):*

ATTORNEY FOR *(Name):*

SUPERIOR COURT OF CALIFORNIA, COUNTY OF

STREET ADDRESS:

MAILING ADDRESS:

CITY AND ZIP CODE:

BRANCH NAME:

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT | DEPT.: |
| **NOTICE OF TERMINATION OR MODIFICATION OF STAY** | JUDICIAL OFFICER: |

**To the court and all parties:**

1.   A *Notice of Stay of Proceedings* was filed in this matter on *(date):*

2.   Declarant named below is
   a.   ☐   the party   ☐   the attorney for the party   who requested or caused the stay.
   b.   ☐   other *(describe):*

3.   ☐ The stay described in the above referenced *Notice of Stay of Proceedings*
   a.   ☐   has been vacated by an order of another court. *(Attach a copy of the court order.)*
   b.   ☐   is no longer in effect.

4.   ☐ The stay has been modified *(describe):*

5.   The stay has been vacated, is no longer in effect, or has been modified
   a.   ☐   with regard to all parties.
   b.   ☐   with regard to the following parties *(specify by name and party designation):*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____          ▶ _____
(TYPE OR PRINT NAME OF DECLARANT)                              (SIGNATURE OF DECLARANT)

Form Adopted for Mandatory Use
Judicial Council of California
CM-181 [Rev. January 1, 2007]
**NOTICE OF TERMINATION OR MODIFICATION OF STAY**
Page 1 of 2
Cal. Rules of Court, rule 3.650
www.courtinfo.ca.gov

CM-181

| PLAINTIFF: | CASE NUMBER: |
|------------|--------------|
| DEFENDANT | |

## PROOF OF SERVICE BY FIRST-CLASS MAIL
### NOTICE OF TERMINATION OR MODIFICATION OF STAY

*(NOTE: You cannot serve the Notice of Termination or Modification of Stay if you are a party in the action. The person who served the notice must complete this proof of service.)*

1.   I am at least 18 years old and not a party to this action. I am a resident of or employed in the county where the mailing took place, and my residence or business address is *(specify):*

2.   I served a copy of the *Notice of Termination or Modification of Stay* by enclosing it in a sealed envelope with postage fully prepaid and *(check one):*
   a. ☐  deposited the sealed envelope with the United States Postal Service.
   b. ☐  placed the sealed envelope for collection and processing for mailing, following this business's usual practices, with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

3.   The *Notice of Termination or Modification of Stay* was mailed:
   a.   on *(date):*
   b.   from *(city and state):*

4.   The envelope was addressed and mailed as follows:
   a.   Name of person served:
       Street address:
       City:
       State and zip code:

   b.   Name of person served:
       Street address:
       City:
       State and zip code:

   c.   Name of person served:
       Street address:
       City:
       State and zip code:

   d.   Name of person served:
       Street address:
       City:
       State and zip code:

   ☐   Names and addresses of additional persons served are attached. *(You may use form POS-030(P).)*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

▶

_____
(TYPE OR PRINT NAME OF DECLARANT)

_____
(SIGNATURE OF DECLARANT)

CM-200

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|

TELEPHONE NO.:            FAX NO. *(Optional)*:
E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*:

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT

| NOTICE OF SETTLEMENT OF ENTIRE CASE | CASE NUMBER: |
|---|---|
| | JUDGE: |
| | DEPT |

---

**NOTICE TO PLAINTIFF OR OTHER PARTY SEEKING RELIEF**

You must file a request for dismissal of the entire case within 45 days after the date of the settlement if the settlement is unconditional. You must file a dismissal of the entire case within 45 days after the date specified in item 1b below if the settlement is conditional. Unless you file a dismissal within the required time or have shown good cause before the time for dismissal has expired why the case should not be dismissed, the court will dismiss the entire case.

---

To the court, all parties, and any arbitrator or other court-connected ADR neutral involved in this case:

1   This entire case has been settled.  The settlement is:

   a.  ☐  Unconditional.  A request for dismissal will be filed within 45 days after the date of the settlement.
       Date of settlement:

   b.  ☐  Conditional.  The settlement agreement conditions dismissal of this matter on the satisfactory completion of
       specified terms that are not to be performed within 45 days of the date of the settlement.  A request for dismissal will
       be filed no later than *(date)*:

2.  Date initial pleading filed:

3.  Next scheduled hearing or conference:
   a.  Purpose:
   b.  ☐  (1)  Date:
         (2)  Time:
         (3)  Department:

4.  Trial date:
   a.  ☐  No trial date set.
   b.  ☐  (1)  Date:
         (2)  Time:
         (3)  Department:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

▶

| (TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY WITHOUT ATTORNEY) | (SIGNATURE) |
|---|---|

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-200 [Rev. January 1, 2007] | NOTICE OF SETTLEMENT OF ENTIRE CASE | Cal. Rules of Court, rule 3.1385<br>www.courtinfo.ca.gov |
|---|---|---|

| | CM-200 |
|---|---|
| PLAINTIFF/PETITIONER: | CASE NUMBER: |
| DEFENDANT/RESPONDENT | |

## PROOF OF SERVICE BY FIRST-CLASS MAIL
### NOTICE OF SETTLEMENT OF ENTIRE CASE

*(NOTE: You cannot serve the Notice of Settlement of Entire Case if you are a party in the action. The person who served the notice must complete this proof of service.)*

1    I am at least 18 years old and not a party to this action. I am a resident of or employed in the county where the mailing took place, and my residence or business address is *(specify):*


2.    I served a copy of the *Notice of Settlement of Entire Case* by enclosing it in a sealed envelope with postage fully prepaid and *(check one):*
   a.  ☐ - deposited the sealed envelope with the United States Postal Service.
   b.  ☐ placed the sealed envelope for collection and processing for mailing, following this business's usual practices, with which I am readily familiar  On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

3.    The *Notice of Settlement of Entire Case* was mailed:
   a.  on *(date):*
   b.  from *(city and state):*

4.    The envelope was addressed and mailed as follows:
   a.  Name of person served:                            c.  Name of person served:

      Street address:                                       Street address:
      City:                                                 City:
      State and zip code:                                   State and zip code:


   b.  Name of person served:                            d.  Name of person served:

      Street address:                                       Street address:
      City:                                                 City:
      State and zip code:                                   State and zip code:

      ☐   Names and addresses of additional persons served are attached. *(You may use form POS-030(P).)*

5.   Number of pages attached _____

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   Date:

_____             _____
    (TYPE OR PRINT NAME OF DECLARANT)                      (SIGNATURE OF DECLARANT)

MEDIATOR (Name and Address):

FOR COURT USE ONLY

ADR-100

TELEPHONE NO.:                     FAX NO.:
E-MAIL ADDRESS:

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

CASE NAME:

| STATEMENT OF AGREEMENT OR NONAGREEMENT | CASE NUMBER: |
|---|---|
| ☐ First   ☐ Supplemental | |

**The mediator must complete, serve, and file this form**
- within 10 days after conclusion of the mediation, or by an another date set by the court, in all cases assigned to mediation under the Civil Action Mediation Program. (Code Civ. Proc., § 1775 et seq.)
- as required by the court in other mediation programs.

In completing this form, the mediator must not
- provide any information beyond what is specifically requested, or
- disclose any settlement terms, confidential communications, mediation conduct, or mediator conclusions or impressions. (Evid. Code, § 1115 et seq.)

1. I was appointed, assigned, or retained as the mediator in this case on *(date)*:

2. The mediation *(check one)*
   a. ☐ was not scheduled.
   b. ☐ was scheduled but not held.
   c. ☐ was held as follows:
      (1) Session dates *(specify all)*:
      (2) Number of sessions:
      (3) Total length of sessions *(hours)*:

3. ☐ The mediation ended on *(date)*:
   a. ☐ in a full agreement.
   b. ☐ in a partial agreement.
   c. ☐ in nonagreement.

4. ☐ The mediation has not yet ended. I submit this form to comply with the court's requirement to do so by a specified date.
   *(Complete the items below. In Civil Action Mediation Programs and where otherwise required by the court, file a supplemental Statement of Agreement or Nonagreement within 10 days after the mediation ends or by such other date as the court may set.)*
   a. The mediator anticipates that the mediation will be completed by *(date)*:
      NOTICE TO PARTIES: This form does not extend any mediation completion deadline that the court has set. You must request any necessary extension from the court.
   b. The next mediation session is scheduled for *(date)*:

Date:

_____
(TYPE OR PRINT NAME)

▶

_____
(SIGNATURE OF MEDIATOR)

Form Adopted for Mandatory Use
Judicial Council of California
ADR-100 [Rev. July 1, 2012]

**STATEMENT OF AGREEMENT OR NONAGREEMENT**

Code of Civil Procedure, § 1775.9
Cal. Rules of Court, rule 3.895
www.courts.ca.gov

## PROOF OF SERVICE OF STATEMENT OF AGREEMENT OR NONAGREEMENT

1. At the time of service, I was over 18 years of age and not a party to this action.

2. My residence or business address is:

3. ☐ The fax number or electronic service address from which I served the document is (complete if service was by fax or electronic service):

4. I served the Statement of Agreement or Nonagreement (form ADR-100) on the person or persons below, as follows:

| a. Name of person served | b. Manner of service (specify personal, mail, fax, or electronic) | c. Physical or mailing address, fax number, or electronic service address where person was served | d. Date of service | e. Time of service |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

5. The form ADR-100 was served by the following means (check and complete all that apply):

a. ☐ Where personal service is indicated in item 4.b., I personally delivered the form ADR-100 to the persons for whom personal service is indicated, at the addresses listed in item 4.c. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the document in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office, or in a visible location in the office between the hours of 9 a.m. and 5 p.m. (2) For a party, delivery was made to the party or by leaving the document at the party's residence with some person not younger than 18 years of age between the hours of 8 a.m. and 6 p.m.

b. ☐ Where service by mail is indicated in item 4.b., I enclosed the form ADR-100 in a sealed envelope or package addressed to the persons at the addresses in item 4.c. and (specify one):

   (1) ☐ deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

   (2) ☐ placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

   I am a resident of or employed in the county where the mailing occurred. The envelope or package was placed in the mail at (city and state):

c. ☐ Where fax transmission is indicated in item 4.b., based on an agreement of the parties to accept service by fax transmission, I faxed the form ADR-100 to the persons at the fax numbers listed in item 4.c. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed, is attached.

d. ☐ Where electronic service is indicated in item 4.b., I caused the form ADR-100 to be served on the persons at the electronic service addresses listed in item 4.c., in accordance with a court order or an agreement of the parties allowing electronic service.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____          ▶ _____
(TYPE OR PRINT NAME)                                         (SIGNATURE OF DECLARANT)

FILED

**MARIN COUNTY SUPERIOR COURT**
P.O. Box 4988
San Rafael, CA 94913-4988

APR 8 - 2014

KIM TURNER, Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: E. Chais, Deputy

PLAINTIFF: *Neil Silver*

vs.

CASE NO. *CV 1401321*

DEFENDANT:
*Pennsylvania Higher Education Agency*

**NOTICE OF CASE
MANAGEMENT CONFERENCE**
(Civil Limited Collections Case)

This case is subject to the Trial Court Delay Reduction Act, Government Code § 68600 et seq.

Pursuant to California Rules of Court 3.734, this case is assigned to Judge *Chernus*
Department *B* . This assignment is for all purposes.

CRC 3.740(d) and 3.221(c) requires that the Summons and Complaint, a copy of this notice, a blank Case Management Conference Statement form, and an ADR information package be served and that Proof of Service be filed within 180 days of the filing date of this Complaint. CRC 3.740(c)(2) states the collections case is exempt from: Case management rules that apply to all general civil cases under rules 3.712 - 3.715 and 3.721 - 3.730, unless a defendant files a responsive pleading.

1. IT IS ORDERED that the parties/counsel to this action shall:

   a. Comply with the filing and service deadlines in CRC 3.740, or APPEAR IN PERSON at the Order to Show Cause hearing on the dates set forth below:

      Hearing on Failure to File Proof of Service   *10 / 7 / 14*   (8:30) 9:00 A.M.

   b. Appear for a Case Management Conference on   *4 / 20 / 15*   (8:30) 9:00 A.M.

2. Telephonic appearance at Case Management Conference may be available by contacting COURT CALL, an independent vendor, not less than 5 court days before the hearing date. Parties may make arrangements by calling (888) 882-6878. This service is subject to charges by the vendor.

3. You must be familiar with the case and be fully prepared to discuss the suitability of the case for binding or non-binding arbitration, mediation, or neutral case evaluation. **Counsel must discuss ADR options with their clients prior to attending the CMC and should be prepared to discuss with the court their authority to participate in ADR.**

4. Case Management Conference Statements must be filed and served on all parties, including the Court, at least 15 calendar days before the CMC (CRC 3.725). (A $49.00 sanction will be charged for late filing of a statement.)

   **Case Management Statement must be filed by**   *4 / 2 / 15*

5. All Law and Motion matters will be heard on the calendar of the assigned Judge. Tentative Rulings are available online by 2:00 p.m. on the weekday preceding the hearing date at *http://www.marincourt.org/civil_tentative.htm.* If you need to make other arrangements, please call (415) 444-7170.