UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NEIL SILVER,

    Plaintiff,

    v.

PENNSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY,

    Defendant.

Case No. 14-cv-4317-PJH

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**

On March 2, 2016, defendant's motion for summary judgment came on for hearing before this court. Plaintiff Neil Silver ("plaintiff") appeared through his counsel, Adrian Bacon. Defendant Pennsylvania Higher Education Assistance Agency ("defendant" or "PHEAA") appeared through its counsel, Donald Bradley. Having read the papers filed in conjunction with the motion and carefully considered the arguments and the relevant legal authority, and good cause appearing, the court hereby rules as follows.

## BACKGROUND

This case arises under the Fair Debt Collection Practices Act ("FDCPA").[1] In the operative first amended complaint ("FAC"), plaintiff alleges that he was contacted by defendant in an attempt to collect an outstanding student loan debt. Plaintiff also alleged in the FAC that he "successfully paid off all student loans he had taken out," and that he "received written confirmation confirming as such," but appears to have disavowed those

---

[1] Plaintiff also asserted a claim under California's Rosenthal Act (the state law equivalent of the FDCPA), but in his opposition, he stated that he is withdrawing the Rosenthal Act claim. See Dkt. 22 at 1, n.1.

allegations. Specifically, in his deposition, plaintiff was asked whether he "knew that [he] owed somebody for [his] student loans," and "knew [he] had a balance still," and answered "yes." See Dkt. 21-1, Ex. A at 84:11-13. Plaintiff also admitted that, when he was sent written confirmation that his loans had been paid off, he knew that "a mistake was made." Id. at 69:12-20.

Putting aside the now-contradicted allegations about plaintiff having paid off his student loan debt, the complaint alleges that, on August 15, 2013 and October 6, 2013, plaintiff sent correspondence to defendant asking for validation of the debt that it sought to collect. FAC, ¶¶ 8-9. Plaintiff alleges that defendant did not respond to these requests, and instead sent "further collection correspondence" in November and December of 2013. Id., ¶ 10.

Plaintiff then sent another letter to defendant on January 6, 2014, again asking for validation of the debt, and further requesting that defendant "cease its collection efforts and withdraw its prior demands for payments on the loan." FAC, ¶ 11. On February 1, 2014, defendant sent a letter again stating that plaintiff's student loan payments were past due, and explaining that the loans would default if no payments were made by August 24, 2014. Id., ¶ 12.

On February 11, 2014, plaintiff's counsel sent a letter "informing defendant that plaintiff had retained counsel and requesting that defendant cease and desist from contacting plaintiff directly." FAC, ¶ 14. Plaintiff alleges that, despite that request, defendant continued to send correspondence to him directly, on March 27, 2014 and May 7, 2014. Id., ¶¶ 13, 15.

As mentioned above, the FAC asserts two causes of action against defendant, one under the federal FDCPA and one under California's Rosenthal Act. In his opposition, plaintiff stated that he will "voluntarily withdraw" the Rosenthal Act claim, leaving only the FDCPA claim.

**DISCUSSION**

A.  Legal Standard

A party may move for summary judgment on a "claim or defense" or "part of . . . a claim or defense." Fed. R. Civ. P. 56(a). Summary judgment is appropriate when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Id.

A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion, and of identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Material facts are those that might affect the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute as to a material fact is "genuine" if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. Id.

Where the moving party will have the burden of proof at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007). On an issue where the nonmoving party will bear the burden of proof at trial, the moving party may carry its initial burden of production by submitting admissible "evidence negating an essential element of the nonmoving party's case," or by showing, "after suitable discovery," that the "nonmoving party does not have enough evidence of an essential element of its claim or defense to carry its ultimate burden of persuasion at trial." Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc., 210 F.3d 1099, 1105-06 (9th Cir. 2000); see also Celotex, 477 U.S. at 324-25 (moving party can prevail merely by pointing out to the district court that there is an absence of evidence to support the nonmoving party's case).

When the moving party has carried its burden, the nonmoving party must respond with specific facts, supported by admissible evidence, showing a genuine issue for trial. Fed. R. Civ. P. 56(c), (e). But allegedly disputed facts must be material – the existence

1   of only "some alleged factual dispute between the parties will not defeat an otherwise
2   properly supported motion for summary judgment." Anderson, 477 U.S. at 247-48.
3       When deciding a summary judgment motion, a court must view the evidence in the
4   light most favorable to the nonmoving party and draw all justifiable inferences in its favor.
5   Id. at 255; Hunt v. City of Los Angeles, 638 F.3d 703, 709 (9th Cir. 2011).
6   B.   Legal Analysis
7       Defendant's motion raises a threshold issue that potentially warrants summary
8   judgment in its favor – namely, that defendant is not a "debt collector" as that term is
9   defined in the FDCPA, and thus, it cannot be held liable under that statute.  The FDCPA's
10  definition of "debt collector" specifically excludes "any person collecting or attempting to
11  collect any debt owed or due or asserted to be owed or due another to the extent such
12  activity . . . concerns a debt which was not in default at the time it was obtained by such
13  person." 15 U.S.C. § 1692a(6)(F)(iii) (emphasis added).
14      However, while defendant raised this argument in its motion, the only cited
15  evidentiary support was a declaration from defendant's own vice president of operations,
16  stating simply that "[f]ollowing default" of plaintiff's student loans, he "successfully
17  rehabilitated his federal student loans with the United States Department of Education."
18  Dkt. 20-1, ¶ 5.  No documents supporting this assertion were submitted.
19      At the hearing, the court noted that the rehabilitation issue was potentially
20  dispositive, and asked defendant's counsel why they did not attach any evidence aside
21  from the single self-serving declaration.  Defendant's counsel responded that "[i]f we
22  would have known this was going to be an evidentiary issue, we would have filed with our
23  moving papers the deposition testimony from Mr. Silver where he talks about how he had
24  been in arrears long before my client ever got this account, [and] went through the
25  rehabilitation process." Dkt. 27 at 11.  Defendant's counsel offered to submit a
26  supplemental declaration with such testimony.
27      The court gave defendant an opportunity to provide the deposition testimony,
28  which has now been filed along with a supplemental declaration from defendant's

4

counsel.  See Dkt. 28.  The declaration first sets forth the relevant federal regulations governing the rehabilitation of defaulted loans:

> A defaulted Direct Loan, except for a loan on which a judgment has been obtained, is rehabilitated if the borrower makes 9 voluntary, reasonable and affordable monthly payments within 20 days of the due date during 10 consecutive months.  The Secretary determines the amount of a borrower's reasonable and affordable payment on the basis of a borrower's total financial circumstances.

34 C.F.R. § 685.211(f).

Defendant then provides plaintiff's deposition testimony where he describes going through the rehabilitation process:

> I was required to make a minimum of – a minimum payment.  We agreed to $50 a month.  Once – that would get me out of default.  I had to make, I believe, eight to ten payments in a row.  We agreed to have those payments taken out from my bank account automatically every month.  Those payments were made, and after a certain period of time, I was out of default and I would be sent over to a student loan servicer.

Dkt. 28, Ex. A at 52:17-24.

Later in the deposition, plaintiff similarly explained that "[i]n order to get myself out of default, I had to make so many payments for a period of – I don't remember exactly, eight to twelve payments, to get myself out of default."  Id. at 53:16-19.  Defendant's counsel asked "So did you make the eight to twelve payments and get out of default?" and plaintiff responded "I did."  Id. at 54:17-19.  Defendant's counsel then again asked "So you made your eight to twelve payments in a row, you got out of default, and then you said you were directed to the ombudsman's office, right?" to which plaintiff responded "Correct."  Id. at 55:8-11.  On one more instance, defendant's counsel apparently showed plaintiff a letter that he had been sent, which stated that "you participated in a rehabilitation program to bring the loans back into good standing," and defendant's counsel asked "That's correct, right?  We talked about that?" to which plaintiff responded "Correct."  Id. at 195:13-17.

In addition to the deposition testimony, defendant also attached letters that it sent to plaintiff in October 2012, stating that "the loan(s) listed below have been transferred to

us for servicing since you have successfully completed the loan rehabilitation program." See Dkt. 28, Ex. B.

Based on the evidence submitted with the supplemental declaration, the court finds that defendant has adequately shown that plaintiff's student loan debt was "not in default at the time it was obtained," and thus, defendant is not a "debt collector" for FDCPA purposes. Plaintiff has not raised a triable issue of fact on the issue, and in fact, it is plaintiff's own deposition testimony that enables the court to find that defendant is not a "debt collector." Accordingly, defendant's motion for summary judgment is GRANTED.

**IT IS SO ORDERED.**

Dated: April 8, 2016

_____
PHYLLIS J. HAMILTON
United States District Judge